UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDY QUIZPHE,

                          Petitioner,

        v.

THOMAS McGUINESS,

                          Respondent.

No. 21-CV-1709 (KMK)

ORDER ADOPTING REPORT & RECOMMENDATION

KENNETH M. KARAS, United States District Judge:

      Fredy Quizphe ("Petitioner") has filed a Petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence upon a plea agreement in New York Supreme Court, Orange County. (*See generally* Pet. For Writ of Habeas Corpus ("Pet.") (Dkt. No. 1).) On April 29, 2013, Petitioner pleaded guilty to one count of manslaughter in the first degree, pursuant to N.Y. Penal Law § 125.20(1), and one count of aggravated vehicular assault, pursuant to N.Y. Penal Law § 120.04A(1). (*See generally* Pet.) On appeal, the Appellate Division affirmed the judgment of conviction. *People v. Quizhpe*, 56 N.Y.S.3d 471 (App. Div. 2017). Petitioner did not seek leave to appeal from the New York Court of Appeals. (R&R 4 (Dkt. No. 20).)

      On April 9, 2018, Petitioner moved to vacate the judgment pursuant to CPL § 440.10, which was denied by the County Court on May 25, 2018. (*Id*. at 4.) On February 7, 2019, the Appellate Division denied Petitioner's leave for appeal of the County Court's decision. (*Id*. at 5.) On June 10, 2019, Petitioner moved for a writ of error *coram nobis*, which was summarily denied by the Appellate Division on November 13, 2019. *People v. Quizhpe*, 110 N.Y.S.3d 341 (App. Div. 2019). Petitioner sought leave to appeal, which was summarily denied by the Court

of Appeals. *People v. Quizhpe*, 141 N.E.3d 482 (Table) (N.Y. 2020). On November 9, 2020, Petitioner moved to set aside the sentence pursuant to CPL § 440.20, which was denied by the County Court on January 19, 2021. (R&R 5–6.) On March 31, 2021, the Appellate Division denied Petitioner's leave for appeal of the County Court's decision. (*Id*. at 6.)

Petitioner filed the instant Petition on February 16, 2021. (Pet.) On March 2, 2021, Judge Louis Stanton issued an order to show cause and directed Petitioner to submit a declaration showing why his Petition should not be dismissed as time-barred. (Order to Show Cause (Dkt. No. 3).)[1] On May 3, 2021, Petitioner requested an extension to respond to the Order, which was granted on May 14, 2021. (Order (Dkt. No. 5).) Petitioner filed an affidavit in response on June 15, 2021. (Aff. In Supp. of Pet.'s Resp. to Order to Show Cause (Dkt. No. 7).) Respondent filed a Memorandum of Law opposing the Petition on December 30, 2021. (Mem. of Law in Opp'n to Pet. (Dkt. No. 18).)

On August 22, 2022, Judge Davison issued a Report and Recommendation ("R&R") recommending that this Court dismiss the Petition in its entirety as time-barred. (R&R 16.) Judge Davison provided notice that, pursuant to 28 U.S.C. § 636(b)(1)(C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 8(b) of the Rules Governing Section 2254 cases, objections to the R&R were due within 14 days from the receipt of the R&R, or 17 days from the receipt of the same if the R&R was served upon the parties by mail, and that the failure to object or to request extensions of time to file objections within the relevant period of time would constitute a waiver of Petitioner's right to appeal. (*Id*. at 16–17.) Petitioner has not filed any objections.

---

[1] This matter was reassigned to the Court on July 20, 2021. (*See* Dkt. (minute entry for July 20, 2021).)

When no objections are filed, the Court reviews an R&R on a dispositive motion for clear error. *See Goodall v. Von Blanckensee,* No. 17-CV-3615, 2020 WL 1082565, at *1 (S.D.N.Y. 2020); *Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010); *Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008). The Court has reviewed the Petition and R&R, and finding no substantive error, clear or otherwise, adopts the R&R.

Accordingly, it is hereby

ORDERED that the R&R, dated August 22, 2022, is ADOPTED in its entirety.

ORDERED that the Petition is DISMISSED.

ORDERED that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. It is further

ORDERED that the Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner and close this case.

SO ORDERED.

Dated:   October 5, 2022
         White Plains, New York

                                          KENNETH M. KARAS
                                          United States District Judge